1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED- 6/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARLAN K. SIMPSON,                  )       No. C 03-2548 RMW (PR)
                                    )
                Petitioner,         )       ORDER DIRECTING
                                    )       PETITIONER TO FILE
     vs.                            )       RESPONSE CLARIFYING
                                    )       CLAIMS IN THE PETITION
MIKE KNOWLES, Warden,               )
                                    )
                Respondent.         )
_____)

     Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  On January 3, 2005, the court ordered respondent to show

cause why a writ of habeas corpus should not be granted.  On January 21, 2005, petitioner

filed a motion to hold the petition in abeyance which the court construed as a motion to

stay the petition.  On May 31, 2005, the court granted petitioner's motion to stay the

petition.  On March 17, 2006, the court granted petitioner's motion for an extension of

time to present his claims to the state supreme court.

     On April 25, 2006, petitioner filed a motion to withdraw the stay of the instant

petition and proceed with the existing claim.  The court granted petitioner's motion to

withdraw the stay, reopened the instant habeas action and renewed its order to show cause

to respondent why the petition should not be granted.

1    Respondent has filed an answer addressing the merits and petitioner has filed a
2  traverse.  Upon review of the merits of the petition, it appears that petitioner alleges an
3  additional substantive claim of ineffective assistance of trial counsel.  However, it is
4  unclear to the court whether petitioner intends to raise this claim in the instant petition.
5  The court notes that this claim is not exhausted.  Accordingly, the court will direct
6  petitioner to file a response with the court clarifying whether he intends to raise a claim of
7  ineffective assistance of counsel as set forth below.

8                                        **CONCLUSION**

9        1.      The court directs petitioner to file a response with the court to clarify
10  whether he intends to raise a claim of ineffective assistance of trial counsel in the instant
11  habeas action.  Petitioner shall file with the court and serve a copy on respondent, **within**
12  **thirty (30) days** from the date this order is filed, a response in which he states whether he
13  elects to: (1) raise a claim of ineffective assistance of counsel and a request to amend the
14  petition to add this claim; or (2) that he does <u>not</u> intend to raise an ineffective assistance
15  of counsel claim and wishes to proceed with the one claim alleged in the instant petition
16  concerning the trial court's failure to properly inquire into petitioner's motion pursuant to
17  <u>People v. Marsden</u>, 2 Cal.3d 118 (1970).

18        Petitioner's response need not be a long document; it is sufficient if he files a one-
19  page document entitled "Response By Petitioner" and states simply whether he chooses
20  option number one or two.

21        2.      **If petitioner fails to timely comply with this order, the court will**
22  **proceed with its review of the merits of the one <u>Marsden</u> claim addressed in the**
23  **instant petition.**

24        3.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
25  that all communications with the court must be served on respondent by mailing a true
26  copy of the document to respondent's counsel.  Petitioner must keep the court and all
27  parties informed of any change of address by filing a separate paper captioned "Notice of
28  Change of Address."

1    Petitioner must comply with the court's orders in a timely fashion.  Failure to do so may

2    result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

3    Civil Procedure 41(b).

4         IT IS SO ORDERED.

5    DATED:  __5/23/08_____          _Ronald M. Whyte_____

6                                         RONALD M. WHYTE
                                          United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28